Matthew H. Capron (Bar No. CA 303941)
Capron Law Offices
2220 Otay Lakes Rd Suite 502-92
Chula Vista, CA 91915
Tel: (619) 869-8181
Fax: (619) 638-8181
Email: mattcapron@yahoo.com

Attorneys for Plaintiff Luminence, LLC,

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BIG BLUE WHOLESALE, LLC, and<br>RICHARD H BARROWS III,<br><br>                    Defendants. | CASE NUMBER:   **'17 CV 1461 H    RBB**<br><br>COMPLAINT, JURY DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiff, Luminence, LLC ("Plaintiff"), by its undersigned attorneys, CAPRON LAW OFFICES, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and 815 I.L.C.S. § 510 *et seq*. Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

///

## PARTIES

2. Plaintiff is a limited liability company registered in California with a principal place of business at 5580 La Jolla Boulevard #37, La Jolla, California 92037.

3. Upon information and belief, defendant Big Blue Wholesale, LLC ("Defendant") is a limited liability company duly organized and existing under the laws of Kentucky, with a principal place of business at 5004A Park Central Ave, Nicholasville, KY 40356.

4. Upon information and belief Defendant, Richard H Barrows III, is an individual with a principal residence at 5004A Park Central Ave, Nicholasville, KY 40356. Defendants are collectively referred to as "Defendant(s)."

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendants is proper. Defendants are conducting business in this District and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    Plaintiff's Business

8. Plaintiff creates and sells fun and unique fiber optic light-up accessories including, but not limited to, its Glowbys® brand hair attachments. Plaintiff sells its products through its website, www.luminence.com.

9. In support of its business, Plaintiff created artistic and expressive photographic images of Glowbys products displayed on a model.

10. On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work entitled Girl Wearing Glowbys 1 (the "Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work.

11. Attached hereto as Exhibit B is a copy of United States Copyright Registration Number VA 1-897-465.

12. Plaintiff has never licensed, authorized, or otherwise permitted the Defendants to reproduce, distribute, display or otherwise use the Copyrighted Work.

B.    Defendants' Unlawful Activities

13. According to its advertising materials online, Defendants create and sell novelty items, including fiber optic light-up accessories. Defendants directly compete with Plaintiff with regard to the sale of fiber optic light-up accessories.

14. On or about July 30, 2016, Plaintiff observed Defendants' online advertising for its hair clip product displayed an infringing copy of the Copyrighted Work.

15.  On or about July 30, 2016, Plaintiff wrote to the Defendants using email to inform it of Plaintiff's copyright registration and demand that Defendants cease their infringement of the Copyrighted Work.

16. On or about August 2, 2016, Defendants responded to Plaintiff's cease and desist letter by email, apologizing and promising to cease using the Copyrighted Work.

17. Despite that promise, Defendants willfully and intentionally continued to infringe Plaintiff's exclusive copyright in the Copyrighted Work.

18. On or about August 15, 2016, Plaintiff observed Defendants' online eBay advertising for its hair clip product displayed an infringing copy of the Copyrighted Work.

19. On or about March 8, 2017, Plaintiff observed Defendants' online bonanza.com advertising for its hair clip product displayed an infringing copy of the Copyrighted Work.

20. On or about May 31, 2017, Plaintiff's investigator ordered a fiber optic light up hair clip product from Defendants. Based on that on-line order and purchase, Defendants shipped their hair clip product to Plaintiff's investigator. The Defendants' packaging for its hair clip product displayed an infringing copy of the Copyrighted Work.

21. Defendants continue, to date, to willfully sell products using the Copyrighted Work.

**FIRST CLAIM FOR RELIEF**

**DIRECT COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 101 *et seq.*)**

22. Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is entitled to the full protection of the United States copyright laws. Plaintiff owns all exclusive rights to reproduce, distribute, display, and make derivative works of, the Copyrighted Work.

24. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendants and/or the supplier of packaging materials used by the Defendants, had access to the Copyrighted Work prior to the creation, distribution and display of Defendants' infringing packaging.

25. By its actions, as alleged above, Defendants have infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying its infringing reproduction or derivative variation of the Copyrighted Work as part of the packaging for its fiber optic light up hair clip product.

26. Defendants' infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, despite actual notice and demand to cease its infringement, has been

4

COMPLAINT AND JURY DEMAND

willful and deliberate, and Defendants have profited at the expense of Plaintiff as a result of their infringing conduct.

27. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages from Defendants' misappropriation of the Copyrighted Work without paying a license fee, and the disgorgement of Defendants' profits related to its infringement of the Copyrighted Work, which amounts will be proven at trial.

28. Alternatively, at Plaintiff's election, Plaintiff is entitled to an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined after trial, up to a maximum of $150,000, based on Defendants' willful infringement of the Copyrighted Work.

29. Defendants' conduct has caused, and any continued infringing conduct will further cause, irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Judgment in favor of the Plaintiff finding that Defendants have infringed Plaintiff's exclusive copyrights in the Copyrighted Work under the Copyright Act;

2. Judgment in favor of the Plaintiff finding that Defendants' infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the determined after trial, or, in the alternative and at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000;

4. An award to the Plaintiff of its costs incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award to the Plaintiff of interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants:

      (a)    from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

      (b)    destroying all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: July 19, 2017

                                        Respectfully submitted,
                                        CAPRON LAW OFFICES

                                        By: <u>s/Matthew Capron</u>
                                        MATTHEW CAPRON

                                        Attorneys for Luminence, LLC
                                        email: mattcapron@yahoo.com